DABNEY L. FRIEDRICH, United States District Judge
Before the Court is Malibu Media LLC's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. Dkt. 4. For the reasons that follow, the Court will grant the motion. Malibu Media shall serve its subpoena consistent with this opinion and the accompanying order.
I. BACKGROUND
Malibu Media owns a subscription-based pornography website. See Compl. ¶ 2, Dkt. 1; Pl.'s Mem. at 3, Dkt. 4-1. It alleges that the unnamed defendant John Doe, via Internet Protocol (IP) address 173.73.209.130, infringed copyrighted material by copying and distributing videos in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq. Compl. ¶¶ 2, 30-35. Malibu Media does not know John Doe's true identity, but alleges that its investigator used geolocation technology[1] to trace John Doe's IP address to the District of Columbia. Id. ¶ 5. To identify John Doe, Malibu Media now seeks leave to serve a subpoena on John Doe's Internet Service Provider (ISP), Verizon Internet Services, pursuant to Rule 45 of the Federal Rules of Civil Procedure.
II. LEGAL STANDARD
Generally, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by ... court order." Fed. R. Civ. P. 26(d)(1). Courts have "wide discretion in discovery matters," and this Circuit applies a "good cause" standard for determining whether to authorize discovery before a Rule 26(f) conference. Malibu Media, LLC v. Doe , 64 F.Supp.3d 47, 49 (D.D.C. 2014) (quoting Warner Bros. Records v. Does 1-6 , 527 F.Supp.2d 1, 2 (D.D.C. 2007) ).
To establish "good cause," a plaintiff must (1) show that the "discovery is necessary before th[e] suit can progress further" and (2) have "at least a good faith *123 belief such discovery will enable it to show that the court has personal jurisdiction over the defendant." Malibu Media, LLC v. Doe , No. 15-cv-0986, 2015 WL 5173890, at *1 (D.D.C. Sept. 2, 2015) (internal quotation marks omitted); Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC , 148 F.3d 1080, 1090 (D.C. Cir. 1998). Under the District of Columbia's long-arm statute, "the only conceivable way that personal jurisdiction might properly be exercised" is if the defendant is a "resident of the District of Columbia or at least downloaded the copyrighted work in the District." See AF Holdings, LLC v. Does 1-1058 , 752 F.3d 990, 996 (D.C. Cir. 2014) (citing D.C. Code § 13-423(a)(3), (4) ).
III. ANALYSIS
Malibu Media has established "good cause." First, Malibu Media has shown that "this suit cannot move forward without Plaintiff first being able to identify Defendant so that service can be effected." Malibu Media, LLC v. Doe , No. 16-cv-0639, 2016 WL 1698263, at *2 (D.D.C. Apr. 27, 2016). According to a declaration provided by Malibu Media, John Doe's ISP is the only entity that can identify John Doe by correlating the IP address to the alleged infringement. Paige Decl. ¶ 14, Dkt. 4-3; see also Pl.'s Mem. at 8 ("Other than receiving the information from the Defendant's ISP, there is no way to obtain Defendant's true identity."). Second, Malibu Media has presented a "good faith belief" that this Court has personal jurisdiction over John Doe. In particular, Malibu Media alleges that its investigator used geolocation technology to trace John Doe's IP address to the District of Columbia. Compl. ¶¶ 5-6. The D.C. Circuit has "suggested that reliance on 'geolocation services' of this sort is sufficient to justify a 'good faith belief' that a district court has personal jurisdiction over unknown defendants." Malibu Media, LLC v. Doe , 2015 WL 5173890, at *2 (quoting AF Holdings , 752 F.3d at 996 ). And district courts have relied on geolocation services to reach just that conclusion. See, e.g., id. ; Malibu Media, LLC v. Doe , No 18-0600, 308 F.Supp.3d 235, 238-39, 2018 WL 1730308, at *2-3, (D.D.C. Apr. 10, 2018); Strike 3 Holdings, LLC v. Doe , No. 17-cv-2347, 2018 WL 385418, at *2-3 (D.D.C. Jan. 11, 2018).
Because good cause exists, the Court will exercise its "broad discretion to ... dictate the sequence of discovery" by granting Malibu Media's motion. Watts v. SEC , 482 F.3d 501, 507 (D.C. Cir. 2007). Accordingly, the Court will authorize Malibu Media to serve a Rule 45 subpoena on John Doe's ISP directing the ISP to provide Malibu Media with the identity of the John Doe defendant currently identified by the IP address 173.73.209.130. This discovery may be used only for the limited purpose of protecting and enforcing Malibu Media's rights as set forth in its complaint.
IV. PROCEDURAL SAFEGUARDS
In cases alleging infringement of copyrighted pornography, some courts have issued protective orders and established other procedural safeguards when granting leave to subpoena an ISP. See, e.g., Malibu Media, LLC v. Doe , 308 F.Supp.3d at 238-39, 2018 WL 1730308, at *2-3 ; Strike 3 Holdings, LLC v. Doe , 2018 WL 385418, at *2-3 ; Malibu Media, LLC v. Doe , No. 15-cv-3504, 2016 WL 4444799, at *2 (E.D.N.Y. Aug. 23, 2016). A court, upon a showing of "good cause," may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c). The party requesting the protective order generally bears the burden of showing good cause "by demonstrating specific evidence of the harm that would result."
*124 Strike 3 Holdings, LLC v. Doe , No. 18-cv-0810, 325 F.R.D. 499, 502, 2018 WL 2209207, at *2 (D.D.C. May 14, 2018) (internal quotation marks omitted). Here, Malibu Media has not requested a protective order, and-obviously-the unidentified and unserved defendant has not requested a protective order. In the absence of any such request or any other suggestion of good cause, the Court will not issue a general protective order at this time.
Once the defendant receives notice of this litigation, however, the defendant "may well assert an interest in anonymity that would warrant the issuance of a protective order." Id. As other courts have explained, "[t]he fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer." Malibu Media, LLC v. Doe , 308 F.Supp.3d at 238-39, 2018 WL 1730308, at *2-3 (internal quotation marks omitted). The alleged copyright infringer could be a third party who had access to the internet connection, such as a family member, friend, or even a hacker. In such cases, "[t]here is a real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations" and an "innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations." Id.
For these reasons, the Court will impose a number of procedural safeguards to "avoid prejudicing Defendant's ability to seek [a protective order] in the future." Id. In particular, Malibu Media shall not disclose the defendant's identity for a limited period of 30 days from the date that Malibu Media obtains the identity of the defendant from the ISP. And if the defendant wishes to proceed anonymously in this litigation, the defendant shall file a motion for a protective order within 30 days from the date the defendant receives written notice of the subpoena from the ISP. The accompanying order describes in further detail the procedures that shall govern expedited discovery in this case.
CONCLUSION
For the foregoing reasons, the Court grants Malibu Media LLC's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, Dkt. 4. A separate order consistent with this decision accompanies this memorandum opinion.

Malibu Media states that "[b]ased upon experience filing over 1,000 cases the geolocation technology used by Plaintiff has proven to be accurate to the District level in over 99% of the cases." Compl. ¶ 6.